IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-00058-3-BR
No. 7:16-CV-169-BR

CASEY OXENDINE

v.                                    ORDER

UNITED STATES OF AMERICA

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion, (DE # 125), and the government's motion to dismiss petitioner's motion, (DE # 136).

In 2007, petitioner, along with others, was indicted for (1) arson and attempted arson, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 844(i) ("Count One"); (2) conspiracy to commit arson and to attempt to commit arson in violation of 18 U.S.C. § 844(i), (n) ("Count Two"); and, (3) possession of a destructive device in furtherance of a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 924(c) ("Count Three"). Pursuant to a plea agreement, petitioner pled guilty to Count Three, specifically possession of a destructive device in furtherance of attempted arson and aiding and abetting others in committing such act. (DE # 67, at 5.) The court sentenced petitioner to 168 months imprisonment, (see DE # 111), and dismissed Counts One and Two pursuant to the plea agreement, (DE # 67, at 6). Petitioner did not appeal.

In 2016, petitioner filed *pro se* this § 2255 motion.[1] Petitioner claims that attempted arson is not a "crime of violence" within the meaning of § 924(c), and therefore, his conviction,

---

[1] After petitioner filed *pro se* this § 2255 motion, court-appointed counsel filed a notice of appearance on his behalf and a separate notice stating that petitioner's *pro se* motion "accurately presented his claim" and "[n]o amendment to his motion is necessary," (DE # 142, at 1).

which was predicated on that offense, and sentence must be vacated. (See Mot., DE # 125, at 5.) In response, the government filed the motion to dismiss. (DE # 136.)

On the government's unopposed motion, the court placed this proceeding in abeyance pending the decisions in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), and United States v. Walker, 934 F.3d 375 (4th Cir. 2019). (DE # 155.) After those decisions issued, the court directed the parties to file supplemental briefs regarding the § 2255 motion. (8/27/19 Text Order.) In the meantime, petitioner was released from imprisonment and began serving his three-year term of supervised release. (See DE # 194.)

In its briefing, based on United States v. Davis, 139 S. Ct. 2319 (2019), "the Government [now] concedes that the Petitioner's Section 924(c) conviction can no longer stand," (Br., DE # 186, at 2), and thus recognizes that the court should vacate petitioner's conviction, (id. at 8, 9). However, the government contends, because petitioner admitted as part of his plea to the predicate offense of attempted arson, the court should "substitute" that "lesser-included" offense for the § 924(c) conviction and resentence petitioner on the substituted offense. (Id. at 2, 8.) Alternatively, should the court not allow substitution of the attempted arson offense, the government reserves the right to seek reinstatement of Counts One and Two pursuant to 18 U.S.C. § 3296. (Id. at 2 n.3, 8-9.) In response, petitioner argues that the court lacks authority to substitute one offense for another and cannot reinstate any count dismissed pursuant to the plea agreement. (DE # 191.)

At the outset, the court agrees with the parties that petitioner's § 924(c) conviction (and, as a result, sentence) is no longer valid and must be vacated. See United States v. Hammond, Nos. 3:19-cv-00544-KDB, 3:94-cr-00110-3, 2019 WL 5295703, at *2-3 (W.D.N.C. Oct. 18, 2019) (recognizing that "under Davis, Petitioner's [§ 924(c)] conviction . . . is valid only if

Petitioner's arson offense qualifies as a 'crime of violence' under § 924(c)'s force clause" and "hold[ing] arson under 18 U.S.C. § 844(i) is not a 'crime of violence' as defined under 18 U.S.C. § 924(c)'s force clause"). In support of its argument, the government cites several cases for the well-established proposition that a court may direct entry of a conviction for a lesser included offense where a jury has convicted the defendant of the greater offense but it is later determined—on grounds affecting only the greater offense—that the conviction was erroneous. See, e.g., United States v. Sepulveda-Hernandez, 752 F.3d 22, 28-29 (1st Cir. 2014) (collecting cases) (adopting a multi-step test to determine whether the court should exercise its authority to enter a lesser included offense conviction); United States v. Silvers, 90 F.3d 95, 99 (4th Cir. 1996) (recognizing "an appellate court on direct appeal may impose a conviction for a lesser-included offense when it vacates a greater erroneous conviction, even though the jury did not render an express verdict on the lesser offense" (citations omitted)). The court has not located, and the government does not cite, any case where a court has relied on this authority in the case of a guilty plea. In fact, one court in this circuit has refused to substitute one offense for a § 924(c) conviction under circumstances like those here. See Diri v. United States, Nos. 3:16-cv-476-RJC, 3:05-cr-376-RJC-1, 2019 WL 5076388, at *3-4 (W.D.N.C. Oct. 9, 2019) (on collateral review, declining to substitute Hobbs Act extortion underlying the vacated § 924(c) conviction where the defendant had pled guilty to § 924(c) pursuant to a plea agreement). In the absence of any authority, the court declines to substitute another offense for petitioner's § 924(c) conviction.

The § 2255 motion is GRANTED, and petitioner's conviction and sentence are VACATED. The government's motion to dismiss is DENIED as moot. The court stays termination of petitioner's supervised release pending the government's determination of whether it will seek to reinstate any dismissed count. After 60 days, if the government has not

filed a motion to reinstate any count, defendant's term of supervised release shall be terminated. The court expresses no opinion on the appropriateness of reinstatement of any count under 18 U.S.C. § 3296.

This 15 January 2020.

_____
W. Earl Britt
Senior U.S. District Judge